UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BRIANNE MICHELLE RAISNER, | No. 3:14-cv-02456 LB |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | [Re: ECF No. 1] |
| DEBORAH K. JOHNSON, Warden, | |
| Respondent. | |
| _____/ | |

**INTRODUCTION**

Brianne Michelle Raisner, an inmate at Central California Women's Facility in Chowchilla, California, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) Her petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the petition.

**STATEMENT**

On September 17, 2009, Ms. Raisner was charged via complaint in the Contra Costa County Superior Court with violating California Penal Code § 187 for the murder of Michael Krummen. A preliminary hearing was held on January 14, 2010. An information charging her with murder was

1  filed on January 25, 2010.

2  On March 3, 2011, Ms. Raisner entered a plea of no contest to one count of voluntary
3  manslaughter under California Penal Code § 192(a) with a use of a deadly weapon enhancement
4  under California Penal Code § 12022(b)(1).  On April 1, 2011, Judge Nancy Stark sentenced Ms.
5  Raisner to an 11-year aggravated prison term for the section 192(a) conviction and a one-year
6  consecutive term for the section 12022(b)(1) enhancement.

7  Ms. Raisner thereafter timely filed an appeal to the California Court of Appeals, First District,
8  which affirmed her sentence on December 14, 2012.  She then filed a petition for review with the
9  California Supreme Court.  The California Supreme Court denied her petition for review on
10  February 28, 2014.

11  On May 28, 2014, Ms. Raisner filed the instant petition for writ of habeas corpus in this court.

## ANALYSIS

13  This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
14  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
15  Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423
16  U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent
17  to show cause why the writ should not be granted, unless it appears from the application that the
18  applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

19  In her federal petition, Ms. Raisner asserts that the sentence imposed is both contrary to, and
20  involved an unreasonable application of, well-established case law of the United States Supreme
21  Court regarding her Sixth Amendment right to a jury trial.  She contends that under *Blakely v.*
22  *Washington*, 542 U.S. 296 (2004), her Sixth Amendment right to a jury trial was violated when the
23  superior court imposed an aggravated sentence based on facts not produced or testified to at the
24  preliminary hearing.

25  Upon review of Ms. Raisner's petition, the court cannot say that his claim is patently without
26  merit.  Respondent must respond to it.

**CONCLUSION**

For the foregoing reasons,

1. The claim that Ms. Raisner's Sixth Amendment right to a jury trial was violated warrants a response.

2. The clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on Ms. Raisner.

3. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon respondent and respondent's attorney, the Attorney General of the State of California.

4. Respondent must file and serve upon Ms. Raisner, on or before **July 7, 2015**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

5. If Ms. Raisner wishes to respond to the answer, she must do so by filing a traverse with the court and serving it on Respondent on or before **August 6, 2015**.

**IT IS SO ORDERED.**

Dated: May 8, 2015

_____
LAUREL BEELER
United States Magistrate Judge

3:14-cv-02456 LB
ORDER

3